## CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY *v.* WOOTEN *et al.*

Where an equitable petition was filed by a railroad company, in which it was alleged that petitioner was in possession of certain bales of cotton which it had received from another carrier, the latter having issued bills of lading then outstanding in the hands of the consignees, a firm of factors, and the initial carrier, the consignees, and certain individuals (who were asserting title to the cotton in various trover suits) were made parties defendant, and it was prayed that the initial carrier, who claimed a certain amount of freight, the firm of factors who held the bills of lading, the individuals asserting title to the cotton, and their attorney at law be required to interplead, and that the individuals asserting title be restrained from prosecuting the trover suits, it was not competent, at the interlocutory hearing, to pass an order in the nature of a final judgment, requiring the petitioner to deliver up the cotton and to pay the costs of the equitable proceedings, the costs of the freight charges claimed by the defendant carrier, and the costs of the trover suits. Such a judgment could not be rendered at an interlocutory hearing.

FEBRUARY 25, 1913.

Interpleader. Before Judge Hammond. Richmond superior court. December 20, 1911.

*William K. Miller,* for plaintiff.

*B. B. McCowen, D. G. Fogarty,* and *W. H. Barrett,* for defendants.

BECK, J. The plaintiff in error filed its equitable petition for interpleader against Parker & Grogan, a firm of cotton factors of Augusta, Ga., against the Georgia & Florida Railway Company, and against W. E. Wooten, J. D. Wideman, W. R. Silver, and other individuals, and, in addition to the prayer that the parties be required to interplead, prayed for an injunction to restrain various trover suits instituted by the individuals against the plaintiff, and for a temporary receiver to take charge of sundry bales of cotton, for the recovery of which the trover suits had been instituted by several of the individual defendants named above. It was alleged in the petition that Parker & Grogan held bills of lading for the cotton, and that the Georgia & Florida Railway Company claimed a certain amount for freight on the cotton, while the individual defendants asserted title to the cotton. At the interlocutory hearing the court, upon the answers of the defendants and the evidence submitted by affidavits, ordered the temporary receiver to deliver the cotton to the attorney representing the individual

defendants, upon his paying sundry receiver's fees, and among other things adjudged that the costs of the interpleader (about $15.00), the freight charges incident to the cotton (about $27.00), and the costs in the several cases of trover (about $65.00), should be paid by the plaintiff in error, which excepted to so much of the judgment as is just set out. We are of the opinion that the court was without authority at an interlocutory hearing to pass an order containing the adjudications above set forth, as they were final in their nature and decided issues which could only be determined at a final trial. And as it is impossible to separate those portions of the judgment of the court which are final in their nature from those portions which could be properly rendered at an interlocutory hearing, the entire judgment must be set aside.

*Judgment reversed. All the Justices concur.*