MOON *v.* FIRST NATIONAL BANK OF LAWRENCEVILLE *et al.*

HILL, J. 1. Suit on three certain notes containing homestead waivers was returnable to the September term, 1925, of Gwinnett superior court. An amendment, seeking equitable relief was filed by the plaintiff in March, 1926. A temporary restraining order was granted and a rule nisi issued, calling upon the defendant to show cause, on April 20, 1926, why a

Appeal and Error, 4 C. J. p. 326, n. 79 New.

Judgments, 33 C. J. p. 1067, n. 88.

Pleading, 31 Cyc. p. 410, n. 89; p. 432, n. 9; p. 439. n. 69; p. 514, n. 75 New; p. 617, n. 49.

receiver should not be appointed and an injunction granted as prayed. This application came on for hearing on April 26, 1926. The bill of exceptions was certified on May 21, 1926. *Held:* The bill of exceptions being brought in part to review a judgment final in its nature, rendered upon a hearing of an application for receiver and injunction, and there being no exception to any judgment appointing a receiver or granting an interlocutory injunction, the bill of exceptions should not be dismissed because it was not certified within twenty days from the date of the judgment complained of.

2. The court did not err in refusing to strike the amendment to the petition. It did not set forth a new cause of action. Its purpose was to enforce payment of the notes containing waivers of homestead, out of property claimed as exempt by the bankrupt. Under the Civil Code (1910), § 5407, the plaintiff in a common-law suit can amend by seeking equitable relief in a proper case. Such case was set out in the amendment.

3. The court did not err in allowing the intervention of the Loganville Mercantile Co., after the original petition of the plaintiff had been amended and the cause converted into an equitable action. In view of the amendment the allowance of the intervention was proper.

4. Exception to so much of the judgment of the trial judge as awarded the property involved in this litigation to the intervenor, and directing the receiver to turn it over to such intervenor, is well taken. The trial judge was without jurisdiction, in vacation, to render such judgment finally disposing of the property in controversy by taking it from the defendant and directing the receiver to turn it over to the intervenor. *Charleston & Western Carolina Ry. Co.* v. *Wooten,* 139 *Ga.* 489 (77 S. E. 572); *Chason* v. *O'Neal,* 158 *Ga.* 725 (7), 726 (124 S. E. 519).       *Judgment reversed. All the Justices concur.*

No. 5475. JANUARY 12, 1927.

Receivership, etc. Before Judge Stark. Gwinnett superior court. April 26, 1926.

The First National Bank of Lawrenceville brought suit against E. Moon on three certain promissory notes, to the September term, 1925, term of Gwinnett superior court. On March 19, 1926, the plaintiff amended its petition by alleging that the notes sued on contained waivers of homestead rights; that on March 1, 1926, the defendant was adjudicated a bankrupt in the district court of the United States for the northern district of Georgia, and petitioner was scheduled as a creditor therein; that petitioner never proved his claim in said court; that in his voluntary petition the bankrupt claimed a homestead in certain personal property therein described, and set out that the property so claimed as a homestead had been assigned to another creditor; that if the assignment was made, it was subsequent to that of petitioner, and was made for the purpose

of hindering, delaying, and defrauding petitioner in the collection of its debt, and with the intent and purpose of turning over and delivering to said creditor the homestead claimed, in order that the same might be covered up in such a way as to prevent petitioner from subjecting it to the payment of its debt; that should defendant be allowed to retain possession of the property, the same would be removed, and petitioner could not find and subject it to the payment of its debt on obtaining judgment; that defendant is insolvent, and, unless a court of equity intervenes and a receiver be appointed to take possession of said property and hold it subject to the orders of this court, there is manifest danger of loss or destruction or material injury to those interested. Petitioner prayed that the defendant be restrained and enjoined from selling, transferring, or otherwise disposing of the property; that a receiver be appointed to take possession of the property and to hold the same until the further order of the court; that, inasmuch as defendant has been adjudicated a bankrupt, petitioner have judgment in rem against the property, and that the same be sold and the proceeds applied to the payment of its debt.

The defendant Moon made a motion to strike the amendment, on the ground that it set up a new and distinct cause of action. This motion was overruled. The Loganville Mercantile Company filed its intervention, setting up an indebtedness due it by Moon on a certain promissory note of older date than the notes held by the First National Bank of Lawrenceville, the note containing a waiver of homestead; and praying that the property in controversy be applied to its indebtedness. This intervention was allowed over objection, it appearing that it was filed subsequently to the filing of the amendment to the petition of the plaintiff.

The defendant filed an answer denying some of the allegations of the petition and admitting certain other allegations. The judge rendered the following judgment: "It is ordered that the receivership be made permanent, and H. H. Pharr be and he is hereby appointed permanent receiver to take charge of all the property described in plaintiff's petition and the intervention of Loganville Mercantile Co., except the household and kitchen furniture. It is further ordered and decreed that the intervenor, Loganville Mercantile Co., is entitled under its note to said property, except the household and kitchen furniture. It being admitted that the

property is worth much less than said indebtedness of said Loganville Mercantile Co., and said receiver is hereby directed to turn said property over to said Loganville Mercantile Co., upon said company paying the costs in this case and arranging the fees of the receiver." To this judgment Moon excepted.

*John I. Kelley,* for plaintiff in error.

*W. L. Nix* and *I. L. Oakes,* contra.